IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VERNON WOODS,<br><br>    Petitioner,<br><br>  v.<br><br>TOM FELKER, Warden,<br><br>    Respondent.            / | No. C 07-05144 CW (PR)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING A SECOND EXTENSION OF TIME FOR PETITIONER TO FILE TRAVERSE |

    Petitioner has requested appointment of counsel in this action.

    The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by

1  limiting it to: (1) capital cases; (2) cases that turn on
2  substantial and complex procedural, legal or mixed legal and
3  factual questions; (3) cases involving uneducated or mentally or
4  physically impaired petitioners; (4) cases likely to require the
5  assistance of experts either in framing or in trying the claims;
6  (5) cases in which petitioner is in no position to investigate
7  crucial facts; and (6) factually complex cases.  See generally 1 J.
8  Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure
9  § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only
10 when the circumstances of a particular case indicate that appointed
11 counsel is necessary to prevent due process violations.  See
12 Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th
13 Cir. 1965).
14      The Court finds that appointment of counsel is not warranted
15 in this case.  Petitioner's claims are typical claims that arise in
16 criminal appeals and are not especially complex.  This is not an
17 exceptional case that would warrant representation on federal
18 habeas review.  Therefore, Petitioner's motion for appointment of
19 counsel is DENIED.  This denial is without prejudice to the Court's
20 sua sponte reconsideration should the Court find an evidentiary
21 hearing necessary following consideration of the merits of
22 Petitioner's claims.
23      In addition, the Court directed Respondent to file an answer
24 to the petition and granted Petitioner leave to file a traverse
25 within thirty days after the answer was filed.  Respondent has
26 filed an answer.  Petitioner has not filed a traverse.  On May 29,
27 2008, the Court on its own motion granted an extension of time for
28 Petitioner to file his traverse.

1  Accordingly, the Court on its own motion GRANTS Petitioner a
2 second extension of time to file a traverse.  Petitioner shall file
3 a traverse <u>thirty (30) days</u> from the date of this order.  If he
4 does not, the matter will be deemed submitted and decided on the
5 papers.  This Order terminates Docket no. 14.
6  IT IS SO ORDERED.

7 Dated: 7/16/08                      _____
8                                     CLAUDIA WILKEN
                                      UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROBERT VERNON WOODS,

        Plaintiff,

v.

WARDENS AND SECRETARY, CDCR et al,

        Defendant.

Case Number: CV07-05144 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jill Marietta Thayer
Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Robert Vernon Woods F-32883
California Correctional Institution
4A4 C-208-L
P.O. Box 1902
Tehachapi, CA 93581

Dated: July 16, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk